# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0817V

| | |
|---|---|
| JERRY ROBERTS,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2025 |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL*, for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC*, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

      On July 27, 2022, Jerry Roberts filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome resulting from an influenza vaccine received on October 16, 2019. Petition, ECF No. 1. On July 1, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 40.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $41,357.07 (representing $41,176.60 in attorney's fees and costs incurred by Petitioner's counsel of record, plus $180.47 in case costs incurred by Petitioner's former counsel). Application for Attorneys' Fees and Costs ("Motion") filed January 16, 2025. ECF No. 46. Furthermore, Petitioner filed a signed statement representing that he incurred no personal out-of-pocket expenses. ECF No. 46-4.

Respondent reacted to the motion on January 29, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 47. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 48.

## TIMELINESS OF MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed within 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case, judgment was entered on July 19, 2024, making Petitioner's motion due on January 15, 2025. But Petitioner filed her motion for attorney's fees and costs on January 16, 2024 - *one day past the required deadline.* Petitioner did not provide an explanation to justify the untimely filing, nor did he file a motion for extension of time.

I will award attorney's fees and costs in this matter, given that the motion was merely one day late. (And I note that counsel's rate is well-established in the Program; a fees award is appropriate since the case was resolved in the Petitioner's favor; and the time devoted to the matter was reasonable). But counsel should not expect the same leniency for future fees requests. Untimely requests will be denied, or result in a curtailed award.

## LITIGATION COSTS

Petitioner's counsel did not substantiate $180.47 of requested litigation costs with the required supporting documentation, such as an invoice or proof of payment. ECF No. 46-1. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[3] When petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from

---

[3] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I disallow reimbursement of unsubstantiated costs, reducing the case costs to be awarded by **$180.47.**

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $41,176.60 (representing $39,872.00 in fees plus $1,304.60 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                                   **s/Brian H. Corcoran**
                                                   Brian H. Corcoran
                                                   Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.